# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Wilbur M. Williams, | ) |
| | ) Civil Action No.: 2:17-cv-01018-JMC |
| Plaintiff, | ) |
| | ) |
| v. | ) **ORDER AND OPINION** |
| | ) |
| Commissioner of Social Security Administration, | ) |
| | ) |
| Defendant. | ) |

This matter is before the court for review of Magistrate Judge Mary G. Baker's ("Magistrate Judge") Report and Recommendation ("Report") filed on July 26, 2018 (ECF No. 18). The Report addresses Plaintiff Wilbur M. Williams' ("Plaintiff") claim for disability insurance benefits ("DIB") and supplemental security income ("SSI") and recommends that the court affirm the decision of the Commissioner of Social Security Administration ("the Commissioner"). (ECF No. 18 at 15.) For the reasons stated herein, the court **ACCEPTS** the Report and **AFFIRMS** the decision of the Commissioner.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Report sets forth the relevant facts and legal standards which this court incorporates herein without a full recitation. (ECF No. 18.) As brief background, Plaintiff filed an application for DIB and SSI on June 4, 2013, and his application was denied initially. (*Id.* at 2.) After a hearing was held on June 16, 2015, an administrative law judge ("ALJ") determined, on August 11, 2015, that Plaintiff had the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b). (*Id.* at 2; ECF No. 9-2 at 19.) Despite the finding of light work, the ALJ also stated that Plaintiff could not "climb ladders, ropes, or scaffolds." (ECF No. 9-

1

2 at 19.) In addition, the ALJ opined that Plaintiff could "frequently[,] but not constantly push and pull with the right leg; and he must avoid working at unprotected heights." (*Id.*) On this basis, the ALJ denied DIB and SSI to Plaintiff because he was not disabled for purposes of the Social Security Act ("the Act"). (*Id.* at 24.) Plaintiff's request for the Appeals Council ("the Council") to review the ALJ's decision was denied on February 17, 2017. (*Id.* at 2.) Thus, the ALJ's decision became the final decision of the Commissioner. (*Id.*) *See also Meyer v. Astrue*, 662 F.3d 700, 704 (4th Cir. 2011) (stating that an ALJ's decision was the final decision of the Commissioner when the Council denied a request for review); *Higginbotham v. Barnhart*, 405 F.3d 332, 336 (5th Cir. 2005) (holding that the Commissioner's "final decision" includes when the Council denies a request for review of an ALJ's decision). Plaintiff filed the instant action on April 20, 2017. (ECF No. 1.)

In the Report, the Magistrate Judge reasoned that, based upon the record, the ALJ's decision rested upon substantial evidence. (*See* ECF No. 18 at 7-8, 12, 15.) Specifically, the Report noted that the ALJ's RFC determination did not frustrate meaningful review, the ALJ did not err when evaluating Plaintiff's credibility, and the ALJ's assessment of Dr. Mangipudi's opinion was "relatively consistent" with other medical opinions. (*Id.* at 8, 12, 15.) The Report ultimately recommended that the court affirm the decision of the Commissioner. (*Id.*)

The parties were apprised of their opportunity to file specific objections to the Report on July 26, 2018. (*Id.* at 16.) On August 18, 2018, Plaintiff filed an Objection to the Report and argued the following: (1) the ALJ failed to explain whether he possessed the capacity to stand and walk for six of eight hours; (2) the ALJ's credibility determination about him was not supported by the medical history and record; and (3) the ALJ improperly concluded that Dr. Mangipudi's opinion was consistent with the entire record. (ECF No. 22 at 1-9.) Plaintiff urges the court to remand the

2

action for further administrative proceedings. (*Id.* at 9.) On September 4, 2018, the Commissioner replied to Plaintiff's Objection. (ECF No. 23.) The Commissioner requests the court to adopt the Magistrate Judge's Report and to reexamine her Memorandum in Support of the Commissioner's Decision (ECF No. 15) in lieu of substantively responding to Plaintiff's Objection. (*Id.* at 1.)

## II. STANDARD OF REVIEW

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge only makes a recommendation to this court, and the recommendation has no presumptive weight. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The responsibility to make a final determination remains with the court. *Id.* at 271. As such, the court is charged with making *de novo* determinations of those portions of the Report to which specific objections are made. *See* 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). Thus, the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Act provides that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). While the court is free to conduct a *de novo* review of the Report, the court's review of the Commissioner's final decision is "limited to determining whether the findings are supported by substantial evidence and whether the correct law was applied." *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002) (citing *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); *Preston v. Heckler*, 769 F.2d 988, 990 (4th Cir. 1985)). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). When assessing whether the ALJ possessed substantial evidence, the court may not "re-weigh conflicting

evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (quoting *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996)). As such, the court is tasked with a "specific and narrow" review under the Act. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).

### III. DISCUSSION

Plaintiff makes three objections to the Magistrate Judge's Report. (ECF No. 22 at 1-9.) First, Plaintiff argues that the ALJ failed to explain whether he possessed the capacity to stand and walk for six of eight hours (*Id.* at 1-3.) Second, Plaintiff alleges that the ALJ's credibility determination about him was not supported by his medical history and the record. (*Id.* at 3-7.) And lastly, Plaintiff maintains that the ALJ improperly concluded that Dr. Mangipudi's opinion was consistent with the entire record. (*Id.* at 7-9.)

"The purpose of magistrate review is to conserve judicial resources." *Nichols v. Colvin*, 100 F. Supp. 3d 487, 497 (E.D. Va. 2015). Generally, a party's objection to a magistrate judge's report must be "specific and particularized" in order to facilitate review by a district court. *United States v. Midgette*, 478 F.3d 616, 621 (4th Cir. 2007). "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004). Thus, a *de novo* review is wholly unnecessary for a district court to undertake when a party seeks to rehash general arguments that were already addressed in a magistrate judge's report. *See Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *Jones v. Hamidullah*, No. 2:05–2736–PMD–RSC, 2005 WL 3298966, at *3 (D.S.C. Dec. 5, 2005). *See also Derrick v. Berryhill*, No. 9:17-0323-TMC, 2018 WL 3434306, at *2 (D.S.C. July 17, 2018) ("[O]bjections to the magistrate judge's [r]eport are not a subsequent opportunity to reargue the

merits of a case—they are an opportunity to demonstrate . . . particular errors in the magistrate judge's reasoning.") (citations omitted); *Butler v. Berryhill*, No. 4:16-cv-03209-JMC, 2018 WL 1556188, at *1 n.3 (D.S.C. Mar. 30, 2018) ("The court does not need to conduct a *de novo* review of objections presented in the form of '[complete statements] of arguments already made, . . . as these objections never cite specific conclusions of the [report] that are erroneous." (quoting *Smith v. City of N. Charleston*, 401 F. Supp. 2d 530, 533 (D.S.C. 2005))); *Anderson v. Dobson*, 627 F. Supp. 2d 619, 623 (W.D.N.C. 2007) ("An 'objection' that . . . simply summarizes what has been presented before, is not an 'objection' as that term is used in this context.") (citation and quotations marks omitted).

In the instant case, the court has reviewed Plaintiff's Brief (ECF No. 14), Plaintiff's Objection (ECF No. 22), and the Report (ECF No. 18). After examining all of the pleadings, the court concludes that Plaintiff's Objection restates arguments that were adequately addressed by the Report. (*Compare* ECF No. 22 at 1-9, *with* ECF No. 18 at 5-15.) Moreover, Plaintiff's Objection largely mirrors his Brief considered by the Report. (*Compare* ECF No. 22, *with* ECF No. 14.) As such, a *de novo* review is unnecessary because Plaintiff has "failed to guide the [c]ourt towards specific issues needing resolution . . . ." *Nichols*, 100 F. Supp. 3d at 498 (holding that a claimant failed to raise specific objections when he repeated arguments raised in his initial brief). This court declines to hear rehashed arguments from Plaintiff. *Orpiano*, 687 F.2d at 47. The court finds that the Report effectively addresses Plaintiff's Objection and is well-reasoned. *See Fray v. Berryhill*, No. 6:16-2916-TMC, 2018 WL 1224687, at *5 (D.S.C. Mar. 9, 2018) (adopting a magistrate's report in which the court concurred "with both the reasoning and the result"). As such, the court agrees that the ALJ's decision was supported by substantial evidence. Therefore, the Report is adopted herein. *See Walls*, 296 F.3d at 290.

## IV. CONCLUSION

After a thorough review of Plaintiff's Objection (ECF No. 22) and the Magistrate Judge's Report (ECF No. 18), the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 18) and **AFFIRMS** the decision of the Commissioner of Social Security Administration.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

September 18, 2018
Columbia, South Carolina